IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID WIECZOREK, | |
| Plaintiff, | Case No. 1:23-cv-16815 |
| v. | **COMPLAINT** |
| LIEBERMAN SKILLED NURSING FACILITY, LLC, | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiff, DAVID WIECZOREK ("Plaintiff"), by and through his attorneys, and for his Complaint against the Defendant, LIEBERMAN SKILLED NURSING FACILITY, LLC ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages and equitable and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2, *et seq.*, and for retaliatory discharge at common law.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims which arise under laws of the United States, the ADA and the ADEA. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they are so related to Plaintiff's federal claims such that they form the same case or controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

4. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a. Plaintiff timely filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR"), case number 2022CA1630, on or about January 3, 2022;

    b. Said Charge of Discrimination was cross-filed with the Equal Employment Opportunity Commission ("EEOC") and assigned case number 21BA20810;

    c. The IDHR issued a Notice of Dismissal of Plaintiff's Charge of Discrimination on April 19, 2023; and

    d. The EEOC issued a Determination and Notice of Rights as to Plaintiff's Charge of Discrimination on September 21, 2023.

## PARTIES

5. Plaintiff is an individual who was at all relevant times residing in Elmwood Park, Illinois.

6. Defendant is a limited liability company of the State of Illinois, which maintains its principal place of business in Skokie, Illinois.

7. Plaintiff and Defendant are both "persons" as defined in 42 U.S.C. § 2000e(a), as they are "one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers."

8. Defendant is an "employer" as defined in 42 U.S.C. § 12111(5)(A), as it is "a person

engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year…"

9. Plaintiff is an "employee" as defined in 42 U.S.C. § 12111(4), as he is "an individual employed by an employer," the Defendant herein.

10. Plaintiff is a "qualified individual" as defined in 42 U.S.C. § 12111(8), as he is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position" that he held.

11. Defendant is also an "employer," as defined in 775 ILCS 5/2-101(B), as, on information and belief, it is a "person" employing one or more employees within Illinois during 20 or more calendar weeks within the calendar year of or preceding the violations alleged herein.

12. Plaintiff is also an "employee" as defined in 775 ILCS 5/2-101(A)(1)(a), as he was an individual performing services for remuneration within Illinois for an employer, the Defendant herein.

13. Plaintiff is a member of a legally protected class based upon his age, 61 years old as of the filing of this Complaint.

## BACKGROUND FACTS

14. Plaintiff began his employment with Defendant during or about August 1, 2021. At that time, Plaintiff was 59 years old.

15. Plaintiff's most recent position with Defendant was as a Maintenance Director.

16. Plaintiff's job duties included, but were not limited to, laundry, transportation, housekeeping, grounds upkeep, and moving equipment and supplies.

17. On or about August 10, 2021, while on the roof of the building in which he worked, Plaintiff fell while stepping over a metal rod, injuring his back.

18. Plaintiff reported his back injury to Defendant's human resources director, Edson Recinto ("Recinto").

19. Within a few days after suffering his injury, Plaintiff began the process of filing a workers' compensation claim. As of the filing of this lawsuit, that claim is still pending.

20. Plaintiff maintained continuous contact with Recinto regarding his back injury. Recinto told Plaintiff to take it easy until Defendant could get the paperwork processed for Plaintiff's workers compensation claim.

21. Plaintiff also suffers from diabetes.

22. Plaintiff's supervisor, Shilpi Chona ("Chona"), was aware of Plaintiff's diabetic condition.

23. Plaintiff's back injury and diabetes substantially limited multiple life activities, including, but not limited to, Plaintiff's ability to lift heavy items and perform strenuous physical work.

24. Plaintiff's back injury and diabetes are a determinable physical characteristics of Plaintiff, the history of such characteristics, and/or the perception of such characteristics by Defendant, which result from disease, injury, congenital condition of birth and/or functional disorder, and which are unrelated to Plaintiff's ability to perform the duties of his job with Defendant.

25. During the course of Plaintiff's employment with Defendant, Plaintiff was "shadowed" by another employee or agent of Defendant, whose name, on information and belief, was Adrian Ducu ("Ducu"). Ducu would observe the manner in which Plaintiff performed his job duties and would ask Plaintiff questions about how he carried out his job duties.

26. On or about September 17, 2021, Chona advised Plaintiff that his employment with

Defendant was being terminated. The reason given in the Employee Warning Notice provided to Plaintiff was that Defendant was "going in new direction for facility [*sic*]."

27. On information and belief, Defendant hired Ducu, who was approximately 19 years younger than Plaintiff, to replace Plaintiff after his termination.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

28. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 27 above as if fully reiterated herein.

29. Plaintiff is a qualified individual with disabilities.

30. At all relevant times, Plaintiff was qualified and able to perform the essential functions of his job, with or without reasonable accommodations.

31. Defendant intentionally discriminated against Plaintiff on the basis of one or more his disabilities by taking adverse action against him because of one or more his disabilities, failing to accommodate one or more his disabilities, and terminating Plaintiff's employment due to one or more his disabilities.

32. Defendant, through its employees, agents, and/or authorized representatives, knew that its discriminatory treatment of Plaintiff and its termination of Plaintiff's employment violated the ADA.

33. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

34. During Plaintiff's employment with Defendant and when Plaintiff was terminated by Defendant, he was subjected to discrimination, as set forth above.

35. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances set forth above. All the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of

Defendant.

36. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage, or custom of discriminating against Plaintiff because of his disabilities with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities, and otherwise adversely affect his status as an employee, because of his disabilities. This Complaint also seeks restitution to Plaintiff for the denial of all of his rights, privileges, benefits, and income that would have been received by him, but for Defendant's unlawful and illegal discriminatory acts and practices.

37. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

## COUNT II
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

38. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 27 above as if fully reiterated herein.

39. Defendant, in violation of the provisions of 29 U.S.C. § 623, denied Plaintiff an equal opportunity for employment because of his age.

40. Defendant intentionally discriminated against Plaintiff on the basis of one or more his age by taking adverse action against him because of his age and terminating his employment because of his age.

41. Defendant, through its employees, agents, and/or authorized representatives, knew that its discriminatory treatment of Plaintiff because of his age violated the ADEA.

42. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances set forth above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

43. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage, or custom of discriminating against Plaintiff because of his age, with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities, and otherwise adversely affect his status as an employee, because of his age. This Complaint also seeks restitution to Plaintiff for the denial of all his rights, privileges, benefits, and income that would have been received by him, but for Defendant's unlawful and illegal discriminatory acts and practices.

44. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court.

## COUNT III
## VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

45. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 27 above as if fully reiterated herein.

46. It is the public policy of the State of Illinois "[t]o secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from

7

military service in connection with employment..." 775 ILCS 5/1-102.

47. It is a civil rights violation in the State of Illinois "[f]or any employer to refuse to hire, to segregate, to engage in harassment…or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination, citizenship status, or work authorization status." 735 ILCS 5/2-102.

48. By the acts and conduct described above, Defendant, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent, or remedy the discrimination based on Plaintiff's disabilities and age. When Plaintiff was discriminated against, Plaintiff's disabilities and age were the motivating reason in Defendant's conduct.

49. Defendant's actions as alleged above constituted civil rights violations in relation to Plaintiff's employment with Defendant.

50. A party aggrieved by a civil rights violation may commence a civil action in court and the court may award to the plaintiff actual and punitive damages, and may grant as relief, as the court deems appropriate, any permanent or preliminary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such civil rights violation or ordering such affirmative action as may be appropriate. In addition, the court, in its discretion, may allow the prevailing party reasonable attorney's fees and costs. 775 ILCS 5/10-102.

51. Plaintiff filed a timely charge and complaint of discrimination with the Illinois Department of Human Rights, and has received a Notice of Dismissal in relation thereto. Plaintiff has therefore exhausted his administrative remedies under Illinois law.

52. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances set forth above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

53. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage, or custom of discriminating against Plaintiff because of his disabilities and age, with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities, and otherwise adversely affect his status as an employee, because of his disabilities and age. This Complaint also seeks restitution to Plaintiff for the denial of all his rights, privileges, benefits, and income that would have been received by him, but for Defendant's unlawful and illegal discriminatory acts and practices.

54. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom, and usage as set forth herein, unless and until it is enjoined by the Court

## COUNT IV
## RETALIATORY DISCHARGE

55. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 27 above as if fully reiterated herein.

56. Defendant terminated Plaintiff's employment in retaliation for Plaintiff exercising his rights under the Illinois Workers' Compensation Act.

57. Plaintiff's discharge violated a clearly mandated public policy of the State of Illinois and 820 ILCS 305/4(h), which states, in relevant part: "[i]t shall be unlawful for any

9

employer…to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity any employee because of the exercise of his or her rights or remedies granted to him or her under this Act."

58. When Defendant terminated Plaintiff's employment in retaliation for asserting his statutorily protected rights, Defendant, its agents, and employees acted willfully and intentionally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVID WIECZOREK, prays for entry of a judgment against Defendant, LIEBERMAN SKILLED NURSING FACILITY, LLC, as follows:

a. Declaring Defendant's practices complained of herein unlawful and in violation of the ADA, the ADEA, the IHRA, and Illinois common law;

b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys, and those acting in concert with it or them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate or retaliate against employees in violation of the ADA, the ADEA, the IHRA, and Illinois common law;

d. Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant and the willful violations of

Defendant;

e. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory of Defendant, and for the willful violations of Defendant;

f. Awarding Plaintiff all witness fees, court costs, and other litigation costs incurred in this Action, including reasonable attorneys' fees;

g. Awarding Plaintiff compensatory, liquidated, and punitive damages as allowed by applicable law;

h. Awarding pre-judgment and post-judgment interest; and

i. Granting such other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action under the ADA, the ADEA, or the IHRA.

RESPECTFULLY SUBMITTED,

DAVID WIECZOREK

By: /s/ David B. Levin
Attorney for Plaintiff
Law Offices of Todd M. Friedman, P.C.
707 Skokie Blvd., Suite 600
Northbrook, Illinois 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com